## *In the United States District Court*
## *for the Northern District of Illinois*
## *Eastern Division*

| | |
|---|---|
| David Batsch, Vince P. Carlino, Corinne Exum, Patti-Rae Given, and Sheryl Mowry-Miller, <br><br>       Plaintiffs, <br><br> — v — <br><br> Alliance Imaging, Inc., a Delaware corporation, as successor-in-interest to Medical Outsourcing Services, LLC, a Delaware LLC, and as successor-in-interest to Medical Outsourcing Services, Inc., an Illinois corporation, <br><br>       Defendants. | <br><br><br><br><br><br><br><br><br><br><br> **Jury trial demanded** |

## Complaint of Employment Discrimination and Retaliation

Plaintiffs complain of defendants as follows:

### Defendants

1.      Defendants are:

      a.      Alliance Imaging, Inc., a Delaware corporation;

      b.      Medical Outsourcing Services LLC, a Delaware LLC, which was acquired by defendant Alliance Imaging on or about July 29, 2008; and

      c.      Medical Outsourcing Services, Inc., an Illinois corporation, which was acquired by defendant Alliance Imaging on or about July 29, 2008.

### Plaintiffs and their employment histories with defendants

2.      Plaintiff David Batsch, who resides in Overland Park, Kansas, and is 58 years old, was employed by defendants from May 14, 2007, until his termination on November 16, 2007. His last position was Sales Executive.

3.          Plaintiff Vincent Carlino, who resides in Buffalo Grove, Illinois, and is 54 years old, was employed by defendants from January 7, 2005, until his termination on May 7, 2007.  His last position was Director of Transportation.

4.          Plaintiff Corinne Exum, who resides in Naperville, Illinois, and is 52 years old, was employed by defendants from December 28, 2005, until her termination on November 23, 2007.  Her last position was Call Center Supervisor.

5.          Plaintiff Patti-Rae Given, who resides in Birmingham, Michigan, and is 57 years old, was employed by defendants from September 20, 2004, until her termination on November 16, 2007.  Her last position was PET/CT Technologist.

6.          Plaintiff Sheryl Mowry-Miller, who resides in Decatur, Illinois, and is 50 years old, was employed by defendants from May 2003 until her termination on November 16, 2007.  Her last position was Marketing Account Manager.

**Defendants repeatedly state they want younger and healthier employees**

7.          Plaintiff Exum, at all times relevant to this Complaint, had cancer and/or had been diagnosed as suffering from cancer.

8.          On December 4, 2006, Gregory Pape, President and CEO of defendants Medical Outsourcing Services, LLC, and Medical Outsourcing Services, Inc., sent an e-mail stating:

> "During the interviewing process it is imperative for you to make sure new employees are in good health and not older than 50 years of age.  This will keep our medical insurance costs down.  In the past years our costs for medical insurance has gone sky rocket due to the overwhelming claims paid…"

9.          CEO Pape sent this e-mail to plaintiff Vince Carlino, among others.

10.         From time to time, CEO Pape would tell plaintiff Exum (among others) that defendants were hiring some "young new talent because we need to get some fresh faces in here".

11.         In January, April, July, and again in August, 2007, plaintiff Exum attempted to apply for defendants' open positions as Executive Assistant and for open positions in Marketing, Finance.  Plaintiff Exum was told by Vice-President Kew that she would not be able to do the jobs "because of your health issues".

12.         Plaintiff Exum also repeatedly asked her manager, Tim Riemen, if she could have back her old position as Call Center supervisor, the position from which she was demoted while out on Family Medical Leave for breast cancer. Manager Riemen told Exum that CEO Pape wouldn't approve it because CEO Pape felt that plaintiff Exum's health issues would cause problems.

13.         After defendants' fired plaintiff Carlino in May 2007, plaintiff Exum asked Vice-President Kew why defendant didn't give Carlino's job to Tim Pulsoni.  Kew responded to plaintiff Exum, "He's too old..."

**Plaintiff Exum engages in protected conduct while employed**

14.         Beginning in approximately September 2007, plaintiff Exum questioned defendants and their representatives why she was not receiving the correct amount of overtime pay, why she did not receive a raise, as did her younger counterparts, and why she was not being paid correctly.

15.         Defendants did not respond to plaintiff Exum's complaints.

**Defendants fire plaintiffs and give pretextual reasons for having done so**

16.      CEO Pape told Terry Kew, defendants' Vice-President of Customer

Relations, to fire plaintiff Carlino because Carlino "would not break laws set forth

by the Department of Transportation."

17.      After defendants fired plaintiff Carlino, they replaced him with Jeff

Hannahs, who was approximately 30 years old.

18.      When defendants replaced plaintiff Carlino with the 30-year-old Hannahs,

defendants altered Hannahs's resume to reflect more experience than Hannahs

actually had, so as to be able to justify placing Hannahs in plaintiff Carlino's

former position as Director of Transportation.  The allegations of this paragraph

are likely to have evidentiary support after a reasonable opportunity for further

investigation and/or discovery.

19.      On or about November 16, 2007, defendants fired plaintiffs Batsch, Given,

and Miller.

20.      Plaintiffs Batsch, Given, and Miller were told that their employment was

being terminated because of a reduction in force.  Plaintiffs Batsch, Given, and

Miller were also each told that his or her "position has been eliminated".

21.      In fact, defendants did not eliminate plaintiffs Batsch's, Given's, and

Miller's positions, but replaced them with younger employees.

22.      On or about November 23, 2007, defendants fired plaintiff Exum while

she was out on medical leave.

23.      The reason defendants gave for the termination of plaintiff Exum's

employment was totally false.

-4-

24.     Within one month of terminating plaintiff Exum's employment, defendants filled plaintiff Exum's former Call Center supervisor's position with a much younger female (approximately age 24) who had no prior experience working in an office setting.

25.     In addition, the open positions in Marketing, Finance, and Executive Assistant for which plaintiff Exum had attempted to apply were all filled with younger females, all approximately in their 20's.

26.     Defendants could not have reasonably believed the reasons they gave for the termination of the employment of plaintiffs and, in fact, defendants did not believe those reasons.

**Plaintiff Exum engages in post-termination protected conduct**

27.     After defendants terminated plaintiff Exum's employment, plaintiff Exum, on December 18, 2007, filed with the Department of Labor a complaint against defendants for unpaid overtime pay.

28.     Also after defendants terminated plaintiff Exum's employment, plaintiff Exum, on or about January 2, 2008, filed with the Equal Employment Opportunity Commission Charges of Discrimination #440-2008-04936 and #846-2008-25472 against defendants.

**Defendant further retaliates against plaintiff Exum**

29.     After plaintiff Exum filed a Department of Labor Complaint and an Equal Employment Opportunity Commission Charge against defendants,  defendants filed in the Circuit Court of the Eighteenth Judicial Circuit, DuPage County, Illinois, lawsuit #2008CH000413 against plaintiff Exum, allegedly for Breach of Confidentiality Provision of Employment Contract and Libel.

30.     Defendants filed this lawsuit against plaintiff Exum in retaliation for her having engaged in protected activities.

**Damages**

31.     As a proximate result of defendants' acts and/or omissions as pled in this Complaint, each plaintiff lost his or her job, lost wages, lost employment benefits, incurred other out-of-pocket expenses, and suffered pain.

**Fulfillment of conditions precedent to bringing these claims**

32.     Plaintiffs have fulfilled all conditions precedent to the filing of these claims.

33.     Plaintiff Batsch filed Charge of Discrimination #563-2008-01301 with the Equal Employment Opportunity Commission, on or about May 2, 2008, and was issued his Notice of Right to Sue on August 6, 2008.

34.     Plaintiff Carlino filed Charge of Discrimination #440-2007-05706 with the Equal Employment Opportunity Commission on or about December 12, 2007, and was issued his Notice of Right to Sue on May 28, 2008.

35.     As noted, plaintiff Exum filed Charge of Discrimination #440-2008-04936 and Charge of Discrimination #846-2008-25472 with the Equal Employment Opportunity Commission on or about January 2, 2008.  She was issued her Notices of Right to Sue on July 31, 2008 and August 1, 2008.

36.     Plaintiff Given filed Charge of Discrimination #440-2008-02090 with the Equal Employment Opportunity Commission on or about February 19, 2008, and was issued her Notice of Right to Sue on August 1, 2008.

37.     Plaintiff Mowry-Miller filed Charge of Discrimination #846-2008-25697

with the Equal Employment Opportunity Commission on or about January 5, 2008, and was issued her Notice of Right to Sue on July 31, 2008.

## Jurisdiction and Venue

38.      This Court has jurisdiction under §16(b) of the Fair Labor Standards Act of 1938, as amended [29 U.S.C. §216(b)], both directly under the Fair Labor Standards Act and as incorporated in §7(e) of the Age Discrimination in Employment Act of 1967, as amended [29 U.S.C. §626(e)], under §706(f)(3) of Title VII of the Civil Rights Act of 1964, as amended [42 U.S.C. §2000e-5(f)(3)], both directly under Title VII and as incorporated by §107(a) of the Americans with Disabilities Act of 1990 [42 U.S.C. 12117(a)], and under §§1331 and 1343 of the Judicial Code [28 U.S.C. §§1331 and 1343] and has supplemental jurisdiction under §1367 of the Judicial Code [28 U.S.C. §1367].

39.      Defendants, at all times relevant to this Complaint, maintained an office in Naperville, Illinois, in the Northern District of Illinois, Eastern Division.

40.      Defendants, at all times relevant to this Complaint, conducted business in Naperville, Illinois, in the Northern District of Illinois, Eastern Division.

41.      The causes-of-action pled in this Complaint arose in whole or in part in the Northern District of Illinois.

42.      Venue is proper in the Northern District of Illinois by §706(f)(3) of Title VII of the Civil Rights Act of 1964, as amended [42 U.S.C. §2000e-5(f)(3)], both directly under Title VII and as incorporated by §107(a) of the Americans with Disabilities Act of 1990 [42 U.S.C. 12117(a)] and by §1391(b) of the Judicial Code [28 U.S.C. §1391(b)].

## Count I – Age discrimination on behalf of all plaintiffs

43.         Plaintiffs reallege paragraphs 1 through 42 of this Complaint.

44.         Each plaintiff was, at all times relevant to this Complaint, an "employee" of defendants' within the definition of §11(f) the Age Discrimination in Employment Act of 1967, as amended [29 U.S.C. §630(f)].

45.         Each defendant was, at all times relevant to this Complaint, an "employer" within the definition of §11(b) the Age Discrimination in Employment Act of 1967, as amended [29 U.S.C. §630(b)].

46.         By their actions and/or omissions as alleged in this Complaint, each defendant violated the Age Discrimination in Employment Act of 1967.

47.         Each defendant knew that the Age Discrimination in Employment Act of 1967 applied to each plaintiff's employment relationship with it or acted in reckless disregard of whether or not the Age Discrimination in Employment Act of 1967 applied to each plaintiff's employment relationship with it.

48.         By their actions and/or omissions as alleged in this Complaint, each defendant willfully violated the Age Discrimination in Employment Act of 1967.

**Wherefore**, plaintiffs David Batsch, Vince P. Carlino, Corinne Exum, Patti-Rae Given, and Sheryl Mowry-Miller pray that this Court, after a jury trial:

a.         Order the defendants to post notices concerning their duties to refrain from discriminating against employees on the basis of age;

b.         Enjoin the defendants from discriminating against their employees on the basis of age;

c.  Reinstate each plaintiff to his or her position or to a comparable position or, in the alternative, award him or her for a reasonable time into the future the compensation and benefits he or she would have earned in such a position;

d.  Enter judgment in favor of each plaintiff and against the defendants, jointly and severally, for the back pay, lost employment benefits, and other compensation lost to him or her as a result of defendant's firing him or her on the basis of age;

e.  Award each plaintiff liquidated damages on the award of back pay, lost employment benefits, and other compensation lost to him or her as a result of defendant's firing him or her on the basis of age;

f.  Award each plaintiff prejudgment interest at the prevailing rate on the award of back pay, lost employment benefits, and other compensation lost to him or her as a result of defendant's firing him or her on the basis of age;

g.  Award each plaintiff his or her reasonable attorney's fees, expenses, and costs of this action and of prior administrative actions; and

h.  Award each plaintiff such other relief as this Court deems just and appropriate.

## Count II – Disability discrimination (plaintiff Exum only)

49.  Plaintiff Exum realleges paragraphs 1 through 42 of this Complaint.

50.  Plaintiff Exum was, at all times relevant to this Complaint, an "employee"

of defendants' within the definition of §101(4) of the Americans with Disabilities Act of 1990 [42 U.S.C. §12111(4)] and a "qualified individual with a disability" within the definition of §101(8) of the Americans with Disabilities Act of 1990 [42 U.S.C. §12111(8)].

51.     Defendants were each, at all times relevant to this Complaint, an "employer" within the definition of §101(5) of the Americans with Disabilities Act of 1990 [42 U.S.C.§12111].

52.     By their actions and/or omissions as alleged in this Complaint, defendants discriminated against plaintiff Exum on the basis of her disability in violation of the Americans with Disabilities Act.

53.     Defendants discriminated against plaintiff Exum in violation of the Americans with Disabilities Act with malice or reckless indifference to the federally protected rights of plaintiff Exum.

54.     To deter future malice or reckless indifference to the federally protected rights of employees by defendants and other employers and to punish defendants for its malice or reckless indifference to the federally protected rights of plaintiff Exum, exemplary damages should be awarded.

**Wherefore**, plaintiff Corinne Exum prays that this Court, after a jury trial:

a.      Order defendants to post notices concerning their duty to refrain from discriminating against their employees on the basis of any disability;

b.      Enjoin defendants from discriminating against their employees on the basis of any disability;

c.      Reinstate plaintiff Exum to her position (or a comparable position)

or, in the alternative, award plaintiff Exum for a reasonable time into the
future the compensation and benefits she would have earned in such a
position;

d.        Award plaintiff Exum the back pay, employment benefits, and other
compensation she lost as a result of defendants' discriminating against her
on the basis of her disability;

e.        Award prejudgment interest at the prevailing rate on the award of
back pay, lost employment benefits, and other compensation lost to
plaintiff Exum as a result of defendants' discriminating against her on the
basis of her disability;

f.        Enter judgment in plaintiff Exum's favor and against defendants,
jointly and severally, for compensatory damages for the harm she suffered
as a result of defendant's discriminating against her on the basis of her
disability;

g.        Enter judgment in plaintiff Exum's favor and against defendants,
jointly and severally, for exemplary damages;

h.        Award plaintiff Exum her reasonable attorney's fees, expert witness
fees, expenses, and costs of this action and of prior administrative actions;
and

i.        Award plaintiff Exum such other relief as this Court deems just and
appropriate.

## Count III – ADA Retaliation (plaintiff Exum only)

55.        Plaintiff Exum realleges paragraphs 1 through 42, 50, and 51 of this Complaint.

56.        By their actions and/or omissions as alleged in this Complaint, defendants retaliated against plaintiff Exum in violation of the Americans with Disabilities Act.

57.        Defendants retaliated against plaintiff Exum in violation of the Americans with Disabilities Act with malice or reckless indifference to the federally protected rights of plaintiff Exum.

58.        To deter future malice or reckless indifference to the federally protected rights of employees by defendants and other employers and to punish defendants for its malice or reckless indifference to the federally protected rights of plaintiff Exum, exemplary damages should be awarded.

*Wherefore*, plaintiff Corinne Exum prays that this Court, after a jury trial:

a.        Order defendants to post notices concerning their duty to refrain from retaliating against their employees in violation of the Americans with Disabilities Act;

b.        Enjoin defendants from retaliating against their employees in violation of the Americans with Disabilities Act;

c.        Reinstate plaintiff Exum to her position (or a comparable position) or, in the alternative, award plaintiff Exum for a reasonable time into the future the compensation and benefits she would have earned in such a

position;

d.         Enter judgment in plaintiff Exum's favor and against defendants, jointly and severally, for compensatory damages for the harms she suffered as a result of defendants retaliating against her in violation of the Americans with Disabilities Act;

e.         Enter judgment in plaintiff Exum's favor and against defendants, jointly and severally, for exemplary damages;

f.         Award plaintiff Exum his reasonable attorney's fees, expert witness fees, expenses, and costs of this action and of prior administrative actions; and

g.         Award plaintiff Exum such other relief as this Court deems just and appropriate.

## Count IV – Title VII Retaliation (plaintiff Exum only)

59.      Plaintiff Exum realleges paragraphs 1 through 42 of this Complaint.

60.      By their actions and/or omissions as alleged in this Complaint, defendants retaliated against plaintiff Exum in violation of Title VII of the Civil Rights Act of 1964, as amended.

61.      Defendants retaliated against plaintiff Exum in violation of Title VII of the Civil Rights Act of 1964, as amended, with malice or reckless indifference to the federally protected rights of plaintiff Exum.

62.      To deter future malice or reckless indifference to the federally protected rights of employees by defendants and other employers and to punish defendants for its malice or reckless indifference to the federally protected rights of plaintiff

Exum, exemplary damages should be awarded.

**Wherefore**, plaintiff Corinne Exum prays that this Court, after a jury trial:

a.      Order defendants to post notices concerning their duty to refrain from retaliating against their employees in violation of Title VII of the Civil Rights Act of 1964, as amended;

b.      Enjoin defendants from retaliating against their employees in violation of Title VII of the Civil Rights Act of 1964, as amended;

c.      Reinstate plaintiff Exum to her position (or a comparable position) or, in the alternative, award plaintiff Exum for a reasonable time into the future the compensation and benefits she would have earned in such a position;

d.      Enter judgment in plaintiff Exum's favor and against defendants, jointly and severally, for compensatory damages for the harms she suffered as a result of defendants retaliating against her in violation of Title VII of the Civil Rights Act of 1964, as amended;

e.      Enter judgment in plaintiff Exum's favor and against defendants, jointly and severally, for exemplary damages;

f.      Award plaintiff Exum her reasonable attorney's fees, expert witness fees, expenses, and costs of this action and of prior administrative actions; and

g.      Award plaintiff Exum such other relief as this Court deems just and appropriate.

## Count V – FMLA retaliation (plaintiff Exum only)

63.         Plaintiff Exum realleges paragraphs 1 through 42 of this Complaint.

64.         Defendants were each, at all times relevant to this Complaint, an "employer" as defined in §101(4)(A) of the Family and Medical Leave Act of 1993 [29 U.S.C. §2611(4)(A)].

65.         Plaintiff Exum was, at all times relevant to this Complaint, an "eligible employee" as defined in §101(2) of the Family and Medical Leave Act of 1993 [29 U.S.C. §2611(2)].

66.         By their actions and/or omissions as alleged in this Complaint, defendants retaliated against and/or discriminated against plaintiff Exum for her exercise of her rights under the Family and Medical Leave Act of 1993 and/or interfered with plaintiff Exum's exercise of those rights, all in violation of the anti-interference and anti-discrimination provisions of §105(a) of the Family and Medical Leave Act of 1993 [29 U.S.C. §2615(a)], of the Department of Labor's anti-retaliation and anti-discrimination regulation [29 C.F.R. §825.220], and/or of an implied federal right to be free from retaliation for exercising rights under the Family and Medical Leave Act.

***Wherefore***, plaintiff Corinne Exum prays that this Court, after a jury trial:

a.         Enjoin defendants from retaliating against their employees for asserting rights the employees have under the Family and Medical Leave Act of 1993;

b.         Reinstate plaintiff Exum to her position (or a comparable position)

or, in the alternative, award plaintiff Exum for a reasonable time into the future the compensation and benefits she would have earned in such a position;

c.          Award plaintiff Exum the wages, employment benefits, and other compensation lost to her as a result of defendants' retaliation against her in violation of the Family and Medical Leave Act of 1993;

d.          Award plaintiff Exum prejudgment interest at the prevailing rate from the date she was retaliated against to the date of judgment on the award of wages, employment benefits, and other compensation lost to her as a result of defendant's violations of the Family and Medical Leave Act of 1993;

e.          Award plaintiff Exum liquidated damages doubling the award of interest, wages, lost employment benefits, and other compensation lost to her as a result of defendant's violations of the Family and Medical Leave Act of 1993;

f.          Award plaintiff Exum reasonable attorney's fees and the costs and expenses of this action; and

g.          Award plaintiff Exum such other relief as this Court deems just and appropriate.

## Count VI – FLSA retaliation (plaintiff Exum only)

67.     Plaintiff Exum realleges paragraphs 1 through 42 of this Complaint.

68.     Defendants were each, at all times relevant to this Complaint, an "employer" and an "enterprise engaged in commerce or in the production of

-16-

goods for commerce" within the definitions of §3(d) and §3(s) of the Fair Labor Standards Act of 1938, as amended [29 U.S.C. §§203(d), 203(s)].

69.    Plaintiff Exum was, at all times relevant to this Complaint, an "employee" within the definition of §3(e) the Fair Labor Standards Act of 1938, as amended [29 U.S.C. §203(e)].

70.    Defendants were aware that plaintiff Exum was asserting rights she had under the Fair Labor Standards Act of 1938, as amended.

71.    Defendants knew or should have known that it was unlawful to retaliate against plaintiff Exum for asserting rights under the Fair Labor Standards Act of 1938, as amended.

72.    By their actions and/or omissions as alleged in this Complaint, defendants retaliated against and/or discriminated against plaintiff Exum in violation of the anti-retaliation provision of §15(a)(3) of the Fair Labor Standards Act of 1938, as amended [29 U.S.C. §215(a)(3)].

73.    To prevent these defendants from committing future retaliations against plaintiff Exum and/or other of their employees, appropriate equitable relief should be awarded.

74.    To punish these defendants for this retaliation against plaintiff Exum and to deter future retaliations by these defendants and other employers, exemplary damages should be awarded.

**Wherefore**, plaintiff Corinne Exum prays that this Court, after a jury trial:

a.    Enjoin defendants from retaliating against their employees for asserting rights the employees have under the Fair Labor Standards Act of

-17-

1938, as amended;

b.          Reinstate plaintiff Exum to her position (or a comparable position) or, in the alternative, award plaintiff Exum for a reasonable time into the future the compensation and benefits she would have earned in such a position;

c.          Award plaintiff Exum the wages, employment benefits, and other compensation lost to her as a result of defendants' retaliation against her in violation of the Fair Labor Standards Act of 1938, as amended;

d.          Award plaintiff Exum liquidated damages doubling the award of wages, lost employment benefits, and other compensation lost to her as a result of defendants' retaliation against her in violation of the Fair Labor Standards Act of 1938, as amended;

e.          Award plaintiff Exum prejudgment interest at the prevailing rate from the date she was retaliated against to the date of judgment on the award of wages, employment benefits, and other compensation lost to her as a result of defendants' retaliation against her in violation of the Fair Labor Standards Act of 1938, as amended;

f.          Enter judgment in plaintiff Exum's favor and against defendants, jointly and severally, for compensatory damages;

g.          Enter judgment in plaintiff Exum's favor and against defendants, jointly and severally, for exemplary damages;

h.          Award plaintiff Exum reasonable attorney's fees and the costs and expenses of this action; and

    i.        Award plaintiff Exum such other relief as this Court deems just and appropriate.

## Count VII – Abuse of process (plaintiff Exum only)

75.        Plaintiff Exum realleges paragraphs 1 through 42 of this Complaint.

76.        Defendants, by suing plaintiff Exum as alleged in paragraphs 29 and 30 of this Complaint, abused process against plaintiff Exum for retaliatory reasons.

77.        To punish these defendants for this abuse of process against plaintiff Exum and to deter future abuses of process by these defendants and other employers, exemplary damages should be awarded.

*Wherefore*, plaintiff Corinne Exum prays that this Court, after a jury trial:

    a.        Enter judgment in plaintiff Exum's favor and against defendants, jointly and severally, for compensatory damages;

    b.        Enter judgment in plaintiff Exum's favor and against defendants, jointly and severally, for exemplary damages;

    c.        Award plaintiff Exum the costs and expenses of this action; and

    d.        Award plaintiff Exum such other relief as this Court deems just and appropriate.

*Plaintiffs demand trial by jury on all issues so triable.*

| | |
|---|---|
| David L. Lee | David Batsch, Vince P. Carlino, |
| ARDC #1604422 | Corinne Exum, Patti-Rae Given, and |
| d-lee@davidleelaw.com | Sheryl Mowry Miller, |
| LAW OFFICES OF DAVID L. LEE | Plaintiffs, |
| 53 W. Jackson Blvd., Suite 660 | |
| Chicago, IL 60604 | By: _____ s/ David L. Lee |
| 312-347-4400 | One of their attorneys |

-19-